ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
 and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

SOHO 25 RETAIL, LLC,                                   Case No.

                             Debtor.                                   Chapter 11

Debtor's Tax I.D. #:20-1680435
---------------------------------------------------------------x

## **LOCAL RULE 1007-2 DECLARATION**

        Christopher H. Martorella, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

        1. I am the sole member of Metropolitan Housing Partners, LLC, a New York limited liability company. Metropolitan Housing Partners, LLC is the managing member of Metropolitan Development Holdings II, LLC, a New York limited liability company. Metropolitan Development Holdings II, LLC is the managing member of Soho 25 Retail Holding Company LLC, a Delaware limited liability company, which is the sole member of Soho 25 Retail, LLC (the "**Debtor**"), the Debtor named in the above-captioned proceeding.

        2. I am authorized to submit this affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court in support of the Debtor's petition for relief under chapter 11 of the Bankruptcy Code.

3. There are no other prior bankruptcy proceedings filed by or pending against the Debtor.

4. This case was not commenced originally under chapter 7 or 13 of the Bankruptcy Code.

5. As of the date hereof, the United States Trustee has not appointed an official committee of creditors. No committee was organized prior to the commencement of the case.

6. Unless otherwise indicated, the financial information contained herein is unaudited.

7. The Debtor, a New York limited liability corporation, owns certain condominium units in the building known as "Soho 25" located at 25 West Houston Street, New York, NY, designated and described as Unit Nos. Commercial 1 and Commercial 2 in the Declaration establishing a plan for the condominium ownership of "Soho 25" (the "**Property**"). The Property functions as ground floor retail space that the Debtor leases to three (3) commercial tenants: Burger & Barrel, LLC, Jamba Juice, and Flos, Inc.

8. Pursuant to a loan agreement dated as of July 31, 2006 with Greenwich Capital Financial Products, Inc. ("**Greenwich**"), the Debtor borrowed $8,500,000 from Greenwich which borrowing was evidenced by an Amended and Restated Promissory Note (the "**Note**"). To secure repayment of the Note, the Debtor executed (a) a Mortgage and Mortgage Consolidation dated July 31, 2006 in favor of Greenwich and (b) an Assignment of Leases and Rents dated as of July 31, 2006.[1]

---

[1] Pursuant to a Guaranty of Recourse Obligations dated as of July 31, 2006, I personally guaranteed the obligations under the Note.

9. The Note and Mortgage were assigned to Wells Fargo Bank, N.A., as trustee for the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2006-GG8 and thereafter to Bank of America, N.A., as trustee for the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2006-GG8 (the "**Lender**").

10. The Debtor failed to make certain timely payments under the Note and, consequently, on or about November 13, 2009, the Lender initiated a foreclosure action against the Debtor in the Supreme Court of New York, County of New York, Index No. 603472/09 (the "**Foreclosure Action**").

11. The Debtor failed to answer or otherwise appear in the Foreclosure Action and on May 19, 2010, the Supreme Court of New York entered an Order Entering Default and appointed a Referee who thereafter filed a Report of Amount Due and scheduled for September 29, 2010 a public auction of the Property.

12. The Debtor believes that the sale of the Property at auction will preclude its successful reorganization because it will be divested of its interests in the Property. The Debtor intends to file and confirm a plan under which the rights of the Lender will not be impaired. In order to maintain the status quo, the Debtor requires relief from this Court.

13. Pursuant to Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1007-2(a)(4), annexed hereto as Exhibit "A" is a list containing the names, addresses, and claims of the twenty (20) largest unsecured creditors, excluding those persons who come within the definition of "insider," as set forth in section 101(31) of the Bankruptcy Code, and secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the

holders of the 20 largest unsecured claims.

14. Pursuant to Local Bankruptcy Rule 1007-2(a)(5), annexed hereto as Exhibit "B" is a list containing the holders of the five (5) largest secured claims against the Debtor.

15. Pursuant to Local Bankruptcy Rule 1007-2(a)(6), annexed hereto as Exhibit "C" is the Debtor's balance sheet as of December 31, 2009. The value of the Property reflected therein is its book value, net of depreciation, and is not intended to be an indication of its fair market value.

16. Pursuant to Local Bankruptcy Rule 1007-2(a)(7), the Debtor is required to file a list setting forth the number and classes of shares of stock, debentures or other securities of the Debtor that are publicly held. None of the Debtor's stock is publicly held.

17. Pursuant to Local Bankruptcy Rule 1007-2(a)(8), the Debtor is required to file a list of the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or any agent for any such person. At the request of the Lender, acting under a collateral assignment of rents, certain of the Debtor's tenants have remitted rent to the Lender.

18. Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the Debtor is required to file a list setting forth the premises owned, under lease, or held under other arrangement from which the Debtor operates its business. The Property owned by the Debtor is described above. The Debtor also maintains leased office space at 270 Lafayette, Suite 502, New York, NY 10012. There is no other property under lease or held under any other arrangement from which the Debtor operates its business.

19. Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the Debtor is required to set forth the location of its substantial assets, the location of its books and records, and the nature,

location and value of any assets held outside the territorial limits of the United States. The Debtor's substantial assets consist of the Property. Its books and records are located at its New York office. None of its assets are held outside the territorial limits of the United States.

20. Pursuant to Local Bankruptcy Rule 1007-2(a)(11), the Debtor is required to set forth a description of the nature and present status of each action or proceeding pending or threatened against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent. As discussed above, the Foreclosure Action is pending against the Debtor and a public auction of the Property is scheduled for September 29, 2010.

21. Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the Debtor is required to list the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities. I am the sole member of Metropolitan Housing Partners, LLC. As such, I am responsible for all of the Debtor's affairs.

22. Pursuant to Local Bankruptcy Rule 1007-2(b)(1), the Debtor is required to set forth the estimated amount of the weekly payroll to employees of the Debtor (exclusive of officers, directors, stockholders, and partners) for the 30-day period following the filing of the chapter 11 petition, net of payroll taxes. Such amount is approximately $2,000.

23. Pursuant to Local Bankruptcy Rule 1007-2(b)(2)(A), the Debtor is required to set forth the amounts proposed to be paid to the officers, directors, and stockholders of the Debtor during the 30-day period following the filing of the chapter 11 petition, net of payroll taxes. Such amount is $0.

24. Pursuant to Local Bankruptcy Rule 1007-2(b)(3) the Debtor is required to set forth its estimated cash receipts and disbursements, net cash gain or loss, and obligations and

receivables expected to accrue but remain unpaid, other than professional fees, for the 30-day period following the bankruptcy filing. The Debtor anticipates cash receipts of approximately $18,333 and cash disbursements of approximately $57,559.

25. A certificate of the corporate resolutions, as well as the corporate resolutions, of the Debtor authorizing the filing of its chapter 11 petition is annexed hereto as Exhibit "D."

26. The Debtor's sole equity holder is Soho 25 Retail Holding Company LLC.

## **CONCLUSION**

27. The Debtor believes that, given the opportunity, it will be able to propose, confirm, and consummate a plan of reorganization that will be in the best interests of its estate and all of its creditors.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**